**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

AURORA LOAN SERVICES LLC,

      Plaintiff,

  v.

NELSON OLIS,

      Defendant.

_____/

No. C 09-1791 CRB

**ORDER REMANDING CASE TO
STATE COURT**

17      Now pending before the Court is defendant's "Petition for Removal."  Plaintiff filed

18 this unlawful detainer action after it took title to defendant's foreclosed home.  Courts in the

19 Ninth Circuit "strictly construe the removal statute against removal jurisdiction."  <u>Gaus v.</u>

20 <u>Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992).  "Federal jurisdiction must be rejected if there

21 is any doubt as to the right of removal in the first instance."  <u>Id.</u>  Defendant, as the removing

22 party, bears the burden of establishing that removal was proper.  <u>See</u> <u>id.</u>

23      In order for this Court to have federal question jurisdiction of the removed complaint,

24 the face of the complaint must show that federal law creates the cause of action or the

25 *plaintiff's* right to relief must necessarily depend on a resolution of a question of federal law.

26 <u>Franchise Tax Bd. v. Construction Laborers Vacation Trust</u>, 463 U.S. 1, 27-28 (1983).  No

27 such grounds appear from the face of the unlawful detainer complaint.  Moreover, "the

28 existence of a defense based on federal law is insufficient to support jurisdiction."  <u>Wayne v.</u>

<u>DHL Worldwide Express</u>, 294 F.3d 1179, 1183 (9th Cir.2002).   A defendant also cannot

1  make a state law complaint removable by pleading a federal question in a counter-claim.

2  Takeda v. Northwestern Nat. Life Ins. Co., 765 F.2d 815, 822 (9th Cir. 1985).  Thus,

3  defendant's contention that his due process rights were violated during the foreclosure does

4  not create federal jurisdiction of plaintiff's unlawful detainer complaint.

5         Plaintiff's assertion of diversity jurisdiction also fails.  The unlawful detainer

6  complaint seeks damages in the amount of $30.00 per day from February 16, 2009 until

7  defendant vacates the property.  Accordingly, the amount in controversy on plaintiff's

8  complaint does not come close to meeting the $75,000.00 threshold for jurisdiction.

9         As the pleadings demonstrate that this Court lacks removal jurisdiction, this action is

10  REMANDED to the Superior Court of the State of California, County of Contra Costa.

11         **IT IS SO ORDERED.**

12

13  Dated: April 29, 2009                    CHARLES  R. BREYER
                                            UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California

G:\CRBALL\2009\1791\orderofremand.wpd                 2